UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Lyda Elizabeth Greene, | Civil Action No.: 4:17-cv-02850-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Grand Strand Regional Medical Center, *et al.*, | |
| Defendants. | |

This matter is before the Court on Plaintiff's untimely objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West.[1] *See* ECF Nos. 19 & 46. The Magistrate Judge recommends summarily dismissing Plaintiff's pro se complaint without prejudice. R & R at p. 6.

### **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which specific written objections have been filed. *Id.* However, the Court need not conduct a de

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of ***timely filed*** specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). Failure to file timely objections constitutes a waiver of de novo review and a party's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

Objections to an R & R must be filed within fourteen days of the date of service. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When service of the R & R is made by mail (as in this case), the objecting party has three additional days to file objections. *See* Fed. R. Civ. P. 6(d). A paper is filed when it is delivered to the Clerk (or a judge), not when it is mailed.[2] *See* Fed. R. Civ. P. 5(d)(2).

## **Discussion**[3]

Plaintiff, proceeding pro se and in forma pauperis, filed a complaint in this federal Court on October 20, 2017, alleging she sustained numerous injuries after tripping and falling in a Horry County library on April 12, 2013, received improper medical treatment, and was abandoned in an "apartment

---

[2] The prison mailbox rule recognized in *Houston v. Lack*, 487 U.S. 266 (1988), does not apply in this case because Plaintiff is not a prisoner. *See* 487 U.S. at 271.

[3] The R & R summarizes the factual and procedural background of this case, as well as the applicable legal standards.

2

on a hospital mattress."[4] *See* ECF Nos. 1 & 14. Plaintiff asserts tort claims against various entities and individuals named as defendants (such as the library where she fell and the hospitals where she was treated). The Magistrate Judge has entered an R & R recommending that the Court summarily dismiss Plaintiff's complaint for lack of jurisdiction. *See* R & R at pp. 3–6. Specifically, the Magistrate Judge determined there is neither diversity nor federal question jurisdiction over this action. *Id.* at pp. 4–6; *see generally* 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction).

Initially, the Court notes Plaintiff has filed **<u>untimely</u>** objections to the R & R.[5] *See* Pl.'s Objs. [ECF No. 46]. The Magistrate Judge entered the R & R on January 8, 2018, and the Clerk mailed Plaintiff a copy of the R & R that same day. *See* ECF Nos. 19 & 20. Plaintiff's objections were therefore due by January 25, 2018.[6] *Id.* However, the Clerk did not receive Plaintiff's objections until February 7, 2018. *See* ECF No. 46. Because Plaintiff's objections are untimely, the Court need not consider them and "must only satisfy itself that there is no clear error on the face of the record." *Diamond*, 416 F.3d at 315 (internal quotation mark omitted). The Court discerns no clear error and will therefore adopt the R & R.

---

[4] As the Magistrate Judge explains, Plaintiff previously filed a similar action in the United States District Court for the Eastern District of Pennsylvania, *see* R & R at p. 2 n.1, and Plaintiff has submitted various court filings from that action. *See* ECF No. 1-4 at pp. 3–16; *see also Greene v. Horry Cty.*, 650 F. App'x 98 (3d Cir. 2016) (summarizing Plaintiff's case and affirming the district court's order dismissing Plaintiff's complaint).

[5] Besides her complaint and objections, Plaintiff has filed numerous motions and other documents, all of which the Court has thoroughly reviewed. *See* ECF Nos. 17 (letter), 21–43, 49 (motions to compel and voluminous medical records), & 51 (motion for judgment on the pleadings).

[6] The R & R notified Plaintiff that "[s]pecific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation" and that "**[f]ailure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**" R & R at p. 7. *See generally Green v. Reynolds*, 671 F. App'x 70–71 (4th Cir. 2016) ("The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance."). Because Plaintiff was served by mail, she had three additional days to file objections. *See* Fed. R. Civ. P. 6(d).

In any event, the Court has reviewed Plaintiff's objections and notes they would not change its decision to adopt the R & R. Plaintiff does not specifically object to the Magistrate Judge's proposed finding that no diversity jurisdiction exists. She does, however, mention "federal question jurisdiction" and suggests that such jurisdiction may exist under the Americans with Disabilities Act[7] ("ADA"). *See, e.g.*, Pl.'s Objs. at pp. 5, 7, 11–12.

"While a plaintiff may properly invoke federal jurisdiction through the ADA, she must also allege facts which bring her claims within the ambit of that statute." *Doreen Shing v. Maryland Developmental Disabilities Admin.*, 2017 WL 1468903, at *4 (D. Md. Apr. 25, 2017), *aff'd*, 698 F. App'x 70 (4th Cir. 2017). Although Plaintiff appears to believe that her alleged injuries constitute a "disability" within the meaning of the ADA and that "discrimination" has occurred as a result of her allegedly inadequate medical treatment, *see* Pl.'s Objs. at p. 11, her claims are at best state law tort claims for ordinary and professional negligence. This action is essentially a personal injury and medical malpractice case, and the ADA does not provide a remedy for negligence. *See, e.g.*, *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[The plaintiff] is complaining about incompetent treatment of his paraplegia. The ADA does not create a remedy for medical malpractice."); *Shing*, 2017 WL 1468903, at *4 ("As plaintiffs' claims for benign neglect and gross indifference are not ADA violations, but, rather, independent tort claims, the ADA does not provide a basis for federal jurisdiction in this case."); *Taylor v. Pulliam*, 2015 WL 4920788, at *6 n.12 (W.D. Va. Aug. 18, 2015) ("[The plaintiff's] allegations of inadequate medical care do not give rise to any cognizable ADA claim, because they do not suggest any discrimination because of a disability."), *aff'd*, 679 F. App'x 264 (4th Cir. 2017).

---

[7] 42 U.S.C. §§ 12101–12213 (2012). The Magistrate Judge correctly recognizes Plaintiff's pleadings do not refer to any federal statute or constitutional provision, *see* R & R at p. 5, and Plaintiff mentions the ADA for the first time in her objections.

4

Moreover, the Court agrees with the Magistrate Judge that diversity jurisdiction is absent due to a lack of complete diversity. *See* R & R at pp. 4–5; *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 394 (4th Cir. 2018) ("When original jurisdiction is based on diversity of citizenship, the cause of action must be between parties of completely diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant . . . ." (citing 28 U.S.C. § 1332(a)(1))). Thus, because neither federal question nor diversity jurisdiction exists, the Court lacks subject matter jurisdiction over this action and must dismiss it. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## Conclusion

For the foregoing reasons, the Court finds no clear error and therefore adopts and incorporates by reference the R & R [ECF No. 19] of the Magistrate Judge. Accordingly, the Court **DISMISSES** Plaintiff's complaint *without prejudice and without issuance and service of process*.[8] The Court **DENIES AS PREMATURE AND MOOT** Plaintiff's motions to compel [ECF Nos. 21–42, 49] and motion for judgment on the pleadings [ECF No. 51].

**IT IS SO ORDERED.**

| | |
|---|---|
| Florence, South Carolina | s/ R. Bryan Harwell |
| May 3, 2018 | R. Bryan Harwell |
| | United States District Judge |

---

[8] In the Court's view, Plaintiff cannot cure the defects in her complaint by mere amendment. *See Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015). Significantly, Plaintiff's complaint appears "time-barred on its face" and therefore subject to summary dismissal under 28 U.S.C § 1915(e). *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 956 (4th Cir. 1995); *see, e.g.*, *Emrit v. Holland & Knight, LLP*, 693 F. App'x 186, 187 & n.* (4th Cir. 2017) (finding a pro se complaint was subject to summary dismissal because it was "time-barred on its face" (quoting *Nasim* and citing *Goode*)). The Court therefore declines to automatically give Plaintiff leave to amend.

5